AO245B U.S. District Court of Criminal Case (Rev. 09/11)
WESTERN DISTRICT OF LOUISIANA



FEB 26 2016
TONY R. MOORE, CLERK
BY _____ DEPUTY

# United States District Court
## Western District of Louisiana

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| ASHLEY THOMAS | Case Number: 5:15-00062-06 |
| | USM Number: 14073-027 |
| | Joseph W. Greenwald, Jr. |
| | Defendant's Attorney |

COPY SENT:
DATE: 2-26-16
BY: KK
TO: cert - USP

**THE DEFENDANT:**

[✓]  pleaded guilty to count(s): One of the Indictment
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count Number(s) | Date Offense Concluded |
|---|---|---|---|
| 18 U.S.C. §1349 | Conspiracy to Commit Wire Fraud | 1 | 8/2/2014 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[✓]  The remaining Counts of the Indictment  [ ] is  [✓] are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material changes in economic circumstances.

February 19, 2016
Date of Imposition of Judgment

_____
Signature of Judge

ELIZABETH FOOTE, United States District Judge
Name of Judge                              Title of Judge

_____
Date

AO245B Judgement in a Criminal Case (Rev. 09/11)
    Sheet 2 — Imprisonment

Judgment - Page 2 of 8

DEFENDANT: ASHLEY THOMAS
CASE NUMBER: 5:15-00062-06

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months and 1 day.

[✓] The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to a facility close to her home in Illinois; and further that the defendant be evaluated for her history of depression and receive the appropriate treatment.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
    [ ] at ___ [ ] a.m. [ ] p.m. on ___.
    [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [✓] before 2 p.m. on April 4, 2016.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ASHLEY THOMAS
CASE NUMBER: 5:15-00062-06

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 years .

## MANDATORY CONDITIONS (MC)

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. [ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5. [✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

6. [✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

7. [ ]   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

8. [ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

9. [ ]   The passport restriction imposed at the time of initial release, is hereby suspended, and defendant's passport is ordered released to defendant's attorney.

10. [ ]   The passport restriction imposed at the time of initial release, is continued, and defendant's passport is ordered transferred to the U.S. Department of State.

11. If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

12. The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION (SC)

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 5:15-cr-00062-EEF-MLH   Document 218   Filed 02/26/16   Page 4 of 8 PageID #: 627
AO245B Judgment in a Criminal Case (Rev.12/03)
Sheet 3A - Supervised Release

Judgment - Page 4 of 8

DEFENDANT: ASHLEY THOMAS
CASE NUMBER: 5:15-00062-06

# SPECIAL CONDITIONS OF SUPERVISION (SP)

1) The defendant shall be subject to financial disclosure throughout the period of supervised release, and shall provide U. S. Probation with all requested financial documentation. The defendant shall report all household income to U. S. Probation as requested.

2) The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer.

3) In the event restitution is not paid prior to the commencement of supervised release, the defendant shall make monthly payments at a rate not less than 15% of the defendant's gross monthly income, to be paid to the District Clerk of Court for disbursal to the victim in this case. Payment shall begin within 30 days of release from imprisonment.

AO245B   Judgment in a Criminal Case (Rev.09/11)
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 8

DEFENDANT: ASHLEY THOMAS
CASE NUMBER: 5:15-00062-06

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 10.00 | $ -0- | $ 61,438.86 |

[ ]  The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered |
|---|---|
| Bank of America<br>201 East Washington Street<br>Phoenix, Arizona 85004 | $61,438.86 |
| TOTALS: | $61,438.86 |

[ ]   Restitution amount ordered pursuant to plea agreement $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]   The court determined that the defendant does not have the ability to pay interest and penalties, and it is ordered that:

    [✓] The interest and penalty requirement is waived for the    [ ] fine    [✓] restitution.

    [ ] The interest requirement for the   [ ] fine  [ ] restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO245B Judgment in a Criminal Case (Rev. 09/11)
    Sheet 6 — Schedule of Payments

Judgment — Page 6 of 8

DEFENDANT:    ASHLEY THOMAS
CASE NUMBER:   5:15-00062-06

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [✓]   Lump sum payment of $61,538.86 due immediately, balance due

    [ ] not later than _, or
    [✓] in accordance with     [ ]C,   [ ]D, or   [ ]E or [✓]F below; or

B   [ ]   Payment to begin immediately (may be combined with [ ]C,   [ ]D, or   [ ]F below); or

C   [ ]   Payment in equal___ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]   Payment in equal___ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [✓]   Special instructions regarding the payment of criminal monetary penalties:

    1) The defendant shall make restitution payments from any wages earned while in prison, in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of defendant's release from imprisonment shall become a condition of his supervised release.

    2) In the event restitution is not paid prior to the commencement of supervised release, the defendant shall make monthly payments at a rate not less than 15% of the defendant's gross monthly income, to be paid to the District Clerk of Court for disbursal to the victim in this case. Payment shall begin within 30 days of release from imprisonment. Restitution payments will be paid jointly and severally with all co-defendants in this case.

    The Court orders that any federal income tax refund payable to the defendant from the Internal Revenue Service will be turned over to the Clerk of Court and applied toward any outstanding balance with regard to the outstanding financial obligations ordered by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, or, unless ordered otherwise, criminal debt payments may be made online at www.lawd.uscourts.gov/fees. Scroll down and click the Criminal Debt (Restitution and Fines) hyperlink to proceed to the secure online payment form.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]   Joint and Several

    [✓] Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
        5:15-cr-00062-01, Jeremiah Scott, joint and several, $61,438.86
        5:15-cr-00062-02, Nicholas Coleman, joint and several, $61,438.86   (See additional Defendants' list)

    [ ] The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO245B   Judgment in a Criminal Case (Rev. 09/11)
    Sheet 6 — Schedule of Payments

Judgment— Page 7 of 8

DEFENDANT:    ASHLEY THOMAS
CASE NUMBER:    5:15-00062-06

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:


See 'Additional Defendants Held Joint and Several' page.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO245B Judgment in a Criminal Case (Rev. 12/03)
    Sheet 6A - Schedule of Payments

Judgment - Page 8 of 8

DEFENDANT: ASHLEY THOMAS
CASE NUMBER: 5:15-00062-06

## ADDITIONAL DEFENDANTS HELD JOINT AND SEVERAL

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| 5:15-cr-00062-03 | Ray L. Holmes, Jr. | $61,438.86 |
| 5:15-cr-00062-04 | Jeremy L. Coleman | $61,438.86 |
| 5:15-cr-00062-05 | Tarnasha Harden | $61,438.86 |
| 5:15-cr-00062-07 | Charlie Nicholson | $61,438.86 |
| 5:15-cr-00062-08 | Ralphael Cassiberry | $61,438.86 |
| 5:15-cr-00062-09 | Darus Sutton | $61,438.86 |
| 5:15-cr-00062-10 | Jamal Campbell | $61,438.86 |